United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50636
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY LEROY BOYD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-24-ALL-DB
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodney Leroy Boyd pleaded guilty before a magistrate judge
to possession with intent to distribute 1,000 or more kilograms
of a mixture or substance containing a detectable amount of
marijuana.  The district court accepted his guilty plea and
sentenced him to 121 months of imprisonment, five years of
supervised release, and a $100 special assessment.

Boyd argues that his guilty plea was not knowing and
voluntary because the magistrate judge did not properly inform

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him at the plea hearing of his rights to present evidence and to testify on his own behalf, and thus he was not fully aware of his right to present a defense. He contends that his lack of knowledge of his right to present a defense was evidenced by his hesitation upon being asked by the magistrate judge at the plea hearing whether his plea was voluntary and by his assertion of a duress defense at sentencing.

Under FED. R. CRIM. P. 11(b)(1)(E), the court must inform a defendant that he has the right at trial to testify and present evidence. Although the magistrate judge did not inform Boyd that he was waiving these specific rights, the admonishment was implicit in the magistrate judge's discussion of the other rights being waived by Boyd. See United States v. Bachynsky, 949 F.2d 722, 725-26 (5th Cir. 1991). Furthermore, Boyd's request to speak to counsel before answering that his plea was voluntary merely suggests that his answer was informed, and neither Boyd nor his counsel made any request to withdraw his guilty plea or questioned the guilty plea's voluntariness after Boyd asserted at sentencing that he had committed the offense under duress.

Accordingly, there is no indication in the record that there was a reasonable probability that, but for the magistrate judge's failure to inform Boyd of this right to present evidence and testify at trial, Boyd would not have entered a guilty plea. See United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004). Any error by the magistrate judge did not affect Boyd's

substantial rights, and thus there is no plain error.  See <u>United States v. Vonn</u>, 535 U.S. 55, 59 (2002).

AFFIRMED.